**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:06-CR-369** |
| | : | |
| | : | **(Judge Neary)** |
| **v.** | : | |
| | : | |
| **DENNIS R. SMITH,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

"Coram nobis reflects the tension that so often exists between finality and equity." Ragbir v. United States, 950 F.3d 54, 62 (3d Cir. 2020). That tension is on full display here. In 2006, petitioner Dennis Smith III pleaded guilty to bribery concerning organizations receiving federal funds in violation of 18 U.S.C. § 666(a)(2). Nearly two decades after his conviction became final, Smith now seeks the extraordinary remedy of a writ of error coram nobis to vacate his conviction. Relying on Snyder v. United States, 603 U.S. 1, 19 (2024), which held that Section 666 criminalizes only bribes and not gratuities, Smith argues he was convicted of conduct that is no longer criminal. (Doc. 31).

For the reasons that follow, Smith's motion will be denied.

## I. **Factual Background & Procedural History**[1]

On November 29, 2006, Smith pleaded guilty to a one-count information charging him with corrupt conduct, in violation of 18 U.S.C. § 666(a)(2). (Docs. 1, 11). The charge stemmed from a $32,500 payment to Thomas McGraw, the former Manager of Technological Initiatives at the Pennsylvania Department of Community and Economic Development ("DCED"), in connection with a $225,000 opportunity grant awarded by the DCED to Smith's company, USTAAD. (Docs. 1; 32 at 5). The information alleged that Smith "knowingly and corruptly" gave, offered, and agreed to give something of value to McGraw with the intent to influence his official actions relating to that grant. (Doc. 1 at 2-3).

In 2007, Smith was sentenced to one year of probation, which he has long since completed. (Doc. 23). On June 26, 2024, the Supreme Court decided Snyder, clarifying that while Section 666 criminalizes bribes to state or local officials, it does not cover gratuities paid to reward past official acts. 603 U.S. at 19.

Following Snyder, Smith filed the instant motion under the All Writs Act, 28 U.S.C. § 1651(a), seeking coram nobis relief. (Doc. 31). He contends he is entitled to coram nobis relief because (1) he is no longer "in custody" under 28 U.S.C. § 2255 but continues to suffer collateral consequences from his conviction; (2) he has "sound reasons" for his delay in seeking relief and no alternative remedies were

[1] The following factual background is derived from the parties' submissions and the court's review of the docket. The facts are recited solely for the purposes of resolving the instant petition.

available; and (3) his conviction constitutes a fundamental error in light of Snyder. (Doc. 31 ¶ 13). This matter is fully briefed (Docs. 32, 36, 39) and ripe for disposition.

## II. Legal Standard

A writ of error coram nobis is an "extraordinary remedy" reserved for the most limited of circumstances. United States v. Denedo, 556 U.S. 904, 911 (2009). A petitioner may seek coram nobis relief to challenge a federal conviction when he "(1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind." Ragbir, 950 F.3d at 62. A court's jurisdiction to grant coram nobis relief "is of limited scope, and the standard for obtaining it is more stringent than that applicable on direct appeal or in habeas corpus." United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (quoting United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989)). "[A] petition must be denied if even one element is not satisfied." United States v. De Castro, 49 F.4th 836, 842 (3d Cir. 2022).

## III. Discussion

Smith argues that Snyder decriminalized the conduct underlying his conviction, constituting a fundamental error that warrants coram nobis relief. The government responds that Smith cannot satisfy several prerequisites for coram nobis relief; specifically, the requirements that he provide sound reasons for failing to seek relief earlier, that no remedy was available at the time of trial, and that his conviction rests on a fundamental error.

After considering the parties' arguments and the record, the court concludes that Smith has failed to satisfy the prerequisites for coram nobis relief. Accordingly, his motion must be denied.

**A. Sound Reasons for Delay and Previous Availability of Remedy**

Smith contends his request for relief is timely because he promptly filed his petition following Snyder, the Supreme Court's clarification of Section 666 provides a sound reason for not seeking relief sooner, and he had no remedy before the Supreme Court's ruling in Snyder. (Doc. 32 at 13). He is wrong.

The "sound reason" standard, although "permit[ting] some flexibility," is not "easy to meet." De Castro, 49 F.4th at 843. The Third Circuit has emphasized the strictness of coram nobis timeliness requirement, noting the sound reason standard is "even stricter than that used to evaluate § 2255 petitions." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012). Additionally, the "sound reasons for delay" and "no available remedy at the time of trial" requirements often overlap and may be analyzed together. See, e.g., Ragbir, 950 F.3d at 63, 67 n.36; De Castro, 49 F.4th at 846. This is the case here and so the court analyzes these factors concurrently.

Legal ambiguity does *not* provide a sound reason for delay in seeking coram nobis relief. See Ragbir, 950 F.3d at 63; see also Mendoza, 690 F.3d at 160 ("That the law is unsettled does not justify a delay in filing a coram nobis petition."). "What matters is whether a claim can be reasonably raised." De Castro, 49 F.4th at 845 (quoting Ragbir, 950 F.3d at 65). The bar for "reasonably raised" is quite high. For example, in United States v. De Castro, the Third Circuit was faced with a coram

nobis claim where the Supreme Court had "upend[ed] a law that was settled by 'a near-unanimous body of lower court authority.'" 49 F.4th at 845. Nevertheless, the court still found the defendant failed to qualify for relief because he did not challenge that settled law. Id. at 846.

The law in this case was far from settled compared to the De Castro case. As both the Supreme Court and Third Circuit have recognized, a circuit split existed prior to Snyder regarding whether Section 666 criminalized gratuities. See Snyder, 603 U.S. at 9; see also United States v. Beldini, 443 F. App'x 709, 717 (3d Cir. 2011) (not precedential) (noting "an earnest circuit split on whether § 666 does or does not require proof of a quid pro quo" and that "[t]here is no Supreme Court or Third Circuit precedent on the point.").

Remarkably, though Smith quotes De Castro extensively in his brief, he completely ignores the adverse portions of that opinion to his case. Not even the government contends Smith's 10-month delay between the Supreme Court's decision in Snyder and in the instant motion prevents coram nobis relief. (Doc. 36 at 5). As explained above, De Castro still requires defendants to present their challenges even in the face of a "wall of [contrary] precedent." 49 F.4th at 846. Smith makes no attempt to distinguish this part of De Castro to his case, nor can the court find any reason to do so. Therefore, Smith fails to show he had a sound reason for his delay in seeking coram nobis review and that he had no remedies available to him at trial.

**B. Fundamental Error**

Smith also fails to establish the final prerequisite for coram nobis relief: fundamental error. An error is fundamental if it would result in a "complete miscarriage of justice." United States v. Woods, 986 F.2d 669, 676 (3d Cir. 1993) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). A fundamental error is one that generally cannot be remedied simply by a new trial. Ragbir, 950 F.3d at 63; Rhines, 640 F.3d at 71. "[T]he defects must completely undermine the jurisdiction of the court, rendering the trial itself invalid." Ragbir, 950 F.3d at 63.

In the coram nobis context, a petitioner can satisfy the fundamental error requirement by showing either (i) cause and prejudice or (ii) actual innocence. De Castro, 49 F.4th at 847 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Smith does not assert cause and prejudice, nor could he. As the Third Circuit explained in De Castro, "[c]ause does not exist just because an argument seemed futile to the petitioner at the time of trial or guilty plea." Id. Thus, the fact that Smith may have viewed his argument as futile at the time of his guilty plea does not establish cause for failing to raise it. Because Smith cannot demonstrate cause, the court need not address prejudice.

Smith's remaining path is to make a threshold showing of "actual innocence." Bousley, 523 U.S. at 622-23. "[A]ctual innocence means factual innocence, not mere legal insufficiency." De Castro, 49 F.4th at 848. Accordingly, a petitioner must show that it was "'more likely than not that no reasonable juror would have convicted him' had the district court correctly advised him at the plea hearing and given the

government the opportunity to adduce evidence of the omitted element." Id. at 848 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

Smith principally relies on the timing of the payment. He notes that the opportunity grant was approved in December 2001, the grant funds were disbursed in January 2002, and the disputed payment was not made until October 2002—approximately eleven months later. (Doc. 39 at 5-6). According to Smith, that temporal gap negates any inference that McGraw received a bribe rather than a gratuity. Smith also maintains that his payment compensated McGraw for legitimate consulting services related to the sales and marketing of USTAAD.

Smith's argument, however, rests on a mistaken premise. A payment made after an official act may still constitute bribery. Indeed, the Supreme Court anticipated—and rejected—the very argument Smith advances here. As the Court explained in Snyder, the key distinction between a bribe and a gratuity is not when payment is made, but whether the parties reached an agreement beforehand to exchange the payment for taking an official action. 603 U.S. at 18-19 ("By including the term 'rewarded,' Congress made clear that the timing of the agreement is the key, not the timing of the payment, and thereby precluded such a potential defense."). Thus, a payment made after an official act may still constitute bribery it is made pursuant to a prior agreement. See id. In other words, bribery requires a *quid pro quo*—"a specific intent to give or receive something of value in exchange for an official act." United States v. Sun-Diamond Growers of California, 526 U.S. 398, 404-05 (1999) (emphasis added).

The record forecloses Smith's claim that his conduct amounted to no more than a gratuity. At the change-of-plea hearing, Smith accepted the government's recitation of facts and conceded that he "agreed to pay [McGraw] *in exchange* for the grant," that "the grant was thereafter awarded to Mr. Smith's company," and that "$32,500 went to Mr. McGraw from Mr. Smith's company." (Doc. 27 at 19:7-18) (emphasis added). Those admissions describe a classic *quid pro quo*, not a gratuity.

Smith's reliance on the government's position at sentencing is likewise unavailing. He points to the government's statements in its sentencing memorandum that the payments "could reasonably be viewed as bribes or gratuities" and that the government agreed they were "more analogous to gratuities." (Doc. 19 at 4-5). Those statements, however, were made in the context of determining the appropriate Guidelines sentencing range, not whether Smith's conduct satisfied the statutory elements of bribery under Section 666. The government's decision not to litigate a close Guidelines issue does not establish that Smith is factually innocent of bribery, nor does it overcome Smith's own admissions establishing that he agreed to pay McGraw in exchange for the grant.

In light of these admissions, Smith cannot demonstrate it is more likely than not that no reasonable juror would conclude that his conduct constituted a *quid pro quo* bribe to a state official. Accordingly, Smith has not established the fundamental error necessary to warrant coram nobis relief.

## IV. Conclusion

Coram nobis is an extraordinary remedy, available only when all of its conditions have been satisfied. Smith has failed to satisfy at least three independent requirements of coram nobis relief. He has shown neither a sound reason for waiting nearly twenty years to seek relief nor the absence of an available earlier remedy, and the record belies his claim of actual innocence.

Therefore, his petition for a writ of error coram nobis will be denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 1, 2026